IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

ROBERT MCGAUGHY                                                                                    PLAINTIFF

V.                                              4:05CV01261 SWW/JTR

B. DAVENPORT, Deputy,
Pulaski County Detention Facility, et al.                                                  DEFENDANTS

**ORDER OF DISMISSAL**

Plaintiff, who is a pretrial detainee being held at the Pulaski County Detention Facility ("PCDF"), has filed a *pro se* § 1983 Complaint and a First Amended Complaint alleging that Defendants have violated his constitutional rights. *See* docket entries #1 and #6. Pursuant to the screening function mandated by 28 U.S.C. § 1915A, the case will be dismissed, without prejudice, for failing to state a claim upon which relief may be granted.

**I. Screening**

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In conducting its review, the Court is mindful that a complaint should be dismissed for failure to state a claim only if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). The Court must accept the factual allegations in the complaint as true and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, such

liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989). A plaintiff's complaint still must contain allegations sufficient to state a claim, as a matter of law, and must not set forth allegations that are merely conclusory. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## II. Plaintiff's Allegations

In his Complaint and First Amended Complaint, Plaintiff alleges that, on August 5, 2005, Defendant B. Davenport, a PCDF deputy, "slammed" the cell door on Plaintiff's finger causing the end to be severed. *See* docket entries #2 and #6. Plaintiff further contends that, when Defendant Davenport realized what had occurred, she continued to close the remaining cell doors on the tier and then called for Defendant Hall, a PCDF sergeant, instead of immediately rendering aid to Plaintiff or calling an emergency "code red" for assistance. *Id.*

Plaintiff alleges that it took Defendant Hall approximately twenty minutes to arrive at his cell. Plaintiff further asserts that, when he arrived, Defendant Hall took pictures of Plaintiff's injuries instead of calling a "code red" or immediately taking Plaintiff to the infirmary. *Id.*

Plaintiff claims that when he arrived at the infirmary, Defendant C. Dixon, a PCDF nurse, "kept asking questions and trying to get my breathing under control instead of trying to stop the bleeding." *See* docket entry #2 at 5. Plaintiff also asserts that it took Defendant Dixon approximately an hour to complete the paperwork allowing him to be transported to UAMS, where he was treated for his injuries. *See* docket entries #2 and #6.

Finally, Plaintiff alleges that Defendant Shawn Smith, the PCDF administrator, did not: (1) ensure that Defendants Davenport, Hall, and Dixon properly followed unspecified "jail procedures during a medical emergency"; and (2) implement a policy preventing Defendant Davenport, and other PCDF employees, from "slamming" cell doors and possibly injuring the occupants. *See* docket entry #2 at 7.

A.      **Claims Against Defendant B. Davenport**

Plaintiff alleges that Defendant Davenport violated his constitutional right[1] to be free from cruel and unusual punishment when she "slammed" his finger in the cell door. However, there is nothing in Plaintiff's pleadings to suggest that Defendant Davenport intentionally slammed Plaintiff's finger in the cell door. Instead, it appears from Plaintiff's pleadings that it was merely an accident. The Eighth Circuit has held on several occasions that mere negligence is insufficient to sustain a § 1983 claim. *See Crow v. Montgomery*, 403 F.3d 598, 602 (8th Cir. 2005)*; Walker v. Reed*, 104 F.3d 156, 157 (8th Cir. 1997).

Additionally, Plaintiff asserts that Defendant Davenport violated his constitutional right to adequate medical care when she ignored an internal jail policy requiring her to call a "code red" and immediately obtain medical treatment. First, it is well settled that the mere violation of an internal prison rule, standing alone, is insufficient to state a cognizable § 1983 claim. *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003); *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 2003). Additionally, it does not appear that Defendant Davenport intentionally delayed in obtaining medical care for Plaintiff or that Plaintiff's medical condition was adversely affected by the approximately twenty-minute delay it took Defendant Davenport to complete the necessary tasks of securing the remaining cells and locating her supervisor. *See Olson v. Bloomberg*, 339 F.3d 730, 738 (8th Cir. 2003) (explaining that a delay in obtaining medical treatment must be intentional); *Roberson v. Bradshaw*, 198 F.3d 645, 648 (8th Cir. 2001) (holding that, in order to be actionable, a prisoner must demonstrate that the delay in obtaining medical treatment adversely affected the prognosis, or that defendants ignored an acute an escalating situation). Accordingly, the Court concludes that Plaintiff

---

[1] Because he is a pretrial detainee, Plaintiff's claims must be analyzed under the due process clause of the Fourteenth Amendment, instead of the Eighth Amendment. *Crow v. Montgomery,* 403 F.3d 598, 601 (8th Cir. 2005). However, the Eighth Circuit has not set forth a different analysis for pretrial detainees and, instead, has applied the "deliberate indifference" standard that is used to analyze Eighth Amendment challenges brought by convicted prisoners. *Id.*

has failed to state a viable § 1983 claim against Defendant Davenport.

**B.     Defendant Hall**

Plaintiff contends that Defendant Hall violated his constitutional rights when he took pictures of Plaintiff's injuries instead of immediately calling a "code red" and obtaining medical care for Plaintiff's injuries.  As previously explained, Plaintiff has failed to state a viable § 1983 claim against Defendant Hall because: (1) a mere violation of an internal prison policy is not actionable; (2) Plaintiff does not allege that Defendant Hall intentionally delayed in obtaining him medical care; and (3) Plaintiff does not contend that his prognosis was adversely affected by the unspecified length of time it took Defendant Hall to take photographs of his injuries.  *See Phillips*, 320 F.3d at 847; *Kennedy*, 100 F.3d at 643; *Olson,* 339 F.3d at 738; *Roberson*,198 F.3d at 648.  Thus, the Court concludes that Plaintiff has failed to state a viable § 1983 claim against Defendant Hall.

**C.     Claims against Defendant Dixon**

Plaintiff asserts that Defendant Dixon violated his constitutional right to inadequate medical care when she failed "to stop the bleeding right away but worr[ied] about plaintiff's breathing."  *See* docket entry #2 at 6.  Importantly, Plaintiff does not allege that Defendant Dixon refused to provide him with medical care or provided him with grossly inadequate care.  Instead, Plaintiff merely disagrees with Defendant Dixon's medical decision to treat his breathing problems prior to addressing his bleeding.  The Eighth Circuit has held that a pretrial detainee's mere disagreement "with a medical judgment" or the course of medical treatment is insufficient to state a viable claim or inadequate medical care.  *Davis v. Hall*, 992 F.2d 151, 153 (8th Cir. 1993); *see also Martinez v. Turner*, 977 F.2d 421, 423 (8th Cir. 1992).

Plaintiff also contends that Defendant Dixon violated his constitutional rights by taking approximately one hour to complete the paperwork necessary for him to be transported to UAMS for treatment.  Again, Plaintiff does not allege that the delay was intentional and/or unnecessary, or that his prognosis was adversely affected.  *See Olson,* 339 F.3d at 738; *Roberson*,198 F.3d at 648.

Accordingly, the Court concludes that Plaintiff has failed to state a viable claim against Defendant Dixon.

### D.      Claims Against Defendant Smith

Plaintiff asserts that Defendant Smith violated his constitutional rights when he failed to ensure that the other Defendants followed internal policies regarding the handling of a medical emergency. However, as previously discussed, the violation of an internal prison policy, standing alone, is not actionable under § 1983. *See Phillips*, 320 F.3d at 847; *Kennedy*, 100 F.3d at 643 Furthermore, and more importantly, Plaintiff does not contend that Defendant Smith was aware of his need for medical treatment or that he was otherwise personally involved in the alleged failure to promptly obtain medical treatment for Plaintiff's injuries. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-92 (1978); *Tlamka v. Serrell*, 244 F.3d 628, 635 (8th Cir. 2001) (explaining that there is no *respondeat superior* liability in § 1983 actions, and thus, prison officials can only be held liable for their direct participation in a constitutional violation).

Plaintiff also contends that Defendant Smith violated his constitutional rights when he failed to implement a policy regarding the safe closing of cell doors. However, Plaintiff does not contend that other inmates were injured during the closing of cell doors or that Defendant Smith was otherwise put on notice that it was necessary to institute a policy regarding the proper procedure for doing so. *See Tilson v. Forrest City Police Dep't.*, 28 F.3d 802, 807 (8th Cir. 1994) (explaining that, in order to be held liable in a § 1983 action, a supervisor's "custom of laxness or inaction must be the moving force behind the constitutional violation"); *Sanders v. Brewer,* 972 F.2d 920, 923 (8th Cir. 1992) (holding that: "A single incident, or a series of isolated incidents, usually will not provide a sufficient basis to assign supervisory liability"). Accordingly, the Court concludes that Plaintiff has also failed to state a viable § 1983 claim against Defendant Smith.

### III. Conclusion

IT IS THEREFORE ORDERED THAT:

1.       Pursuant to the screening function mandated by 28 U.S.C. § 1915A, Plaintiff's § 1983 Complaint (docket entry #1) and First Amended Complaint (docket entry #6) are DISMISSED, WITHOUT PREJUDICE, for failing to state a claim upon which relief may be granted.  Judgment will be entered accordingly.

2.       Dismissal of this action CONSTITUTES a "strike," as defined by 28 U.S.C. § 1915(g).[2]

3.       The Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3),[3] that an *in forma pauperis* appeal from this Order and the accompanying Judgment would not be taken in good faith.

Dated this 25th day of October, 2005.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

[3] 28 U.S.C. § 1915(a)(3) provides that: "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."